Bigelow, J.
Upon the facts stated in this case, we have no doubt of the right of the plaintiff to recover one half of the net proceeds of the brig, which have been received by the defendant. To make this entirely clear, it is only necessary to consider the nature of the title of the respective parties to the vessel, at the time of her loss. The plaintiff claims under a mortgage of one half of the brig, made to him by the original owner, prior to any encumbrances, and subject to no previous liens. The validity of this mortgage is not drawn in question. Upon the most familiar principles, the plaintiff acquired by it a legal title to one half of the brig, liable only to be defeated by payment of the debt, secured by the mortgage, according to the conditions therein expressed.
The title of the defendant, or of those whom, for the purposes of this case, he represents, is derived from an abandonment of the brig, made by Gregerson & Sumner, for a total loss, under two policies of insurance, effected by them upon their interest and that of one Alfred L. Hill in the vessel. Under this abandonment, the defendant can claim no other or greater right or interest than that which belonged to the assured, at the time it was made. The effect of an abandonment is to vest in the insurers the title to the property, or what remains of it, so far as it belonged to the insured at the time of the loss, and to the extent of the interest covered by the policy. 2 Phil. Ins. (2d ed.) 423 ; 2 Arn. Ins. 1178. Greg-erson & Sumner having effected insurance for themselves and said Hill, it becomes, therefore, necessary to ascertain what *306 interest they, respectively, had in the brig, which was covered by the policies. The title of the former was under a mortgage of the whole brig, subject, however, to the prior mortgage of the plaintiff upon one half, which is expressly mentioned in this mortgage, as constituting a prior encumbrance upon the vessel. The title of Hill was as owner of one quarter, subject to the two previous mortgages above named. For the decision of this case, it is wholly immaterial whether the title under either of the mortgages had become absolute by foreclosure, because no question arises, in this case, as to the rights of the original owner and mortgagor of the vessel. It is simply a question as to priority of title between two mortgagees of personal property. Upon the facts above stated, it is clear that the right of the plaintiff, so far as one half of the brig is concerned, was paramount to that of Gregerson & Sumner at the time of abandonment. It was expressly made so by the very terms of their mortgage. The debt due to the plaintiff, and secured by the mortgage, being then unpaid, he was the legal owner of one half of the property, which remained of the vessel after the loss. So far as the rights of the parties to this case are concerned, therefore, at the time of the abandonment, each was the owner of one half of the wreck of the brig; Rice, the plaintiff, by virtue of his prior mortgage on one half; the defendant, by virtue of the abandonment of Gregerson & Sumner. The whole amount of the salvage being insufficient to pay the debt due the plaintiff, he has a right to his entire one half of the amount, and, therefore, as the facts now are, the mortgage to Gregerson & Sum ner of that one half, subject to the prior claim of the plaintiff, conveys no valuable interest to them. The case stands, therefore, precisely as if Rice, and Gregerson & Sumner, were originally respectively owners of one half of the brig. Rice was, at the time of the loss, his own insurer. Gregerson & Sumner having obtained insurance, and the vessel being lost, Dy their abandonment substituted the parties whom the defendant represents in their place, to the extent of their interest. This being so, the case must be decided in the same mannei as if two persons, jointly owning a vessel, had each procured *307 a policy on his one half. Upon a total loss and abandonment, the insurers would each be entitled to one half of the salvage.
The fallacy of the argument, urged in behalf of the defendant, consisted in regarding the plaintiff’s mortgage merely as a lien, having no priority or preference over that of Gregerson & Sumner. It was, to the extent of his debt secured by it, an absolute title, and to be so' treated under all circumstances, till the debt was extinguished. His rights, therefore, to the salvage, are not to be measured and proportioned according to his insurable interest merely. Nor can they be in any way affected by the acts of Gregerson & Sumner, subsequent mortgagees, or by those claiming under them. So long as the brig, or any part of it, is in existence, the plaintiff has a right to have one half for his own benefit and use, until he realizes the full amount of his debt. He can, therefore, well maintain this action to recover one half of the proceeds of the sale of the vessel, which have come into the hands of the defendant, as money received by him for the sale of the plaintiff’s property.
It was strongly urged, in behalf of the' defendant, that the ordinary rules of law, applicable to mortgages of personal property, ought not to be applied to ships or vessels; that, having regard to the peculiar nature of the property, its employment on the high seas, and to its being often in distant and foreign ports, titles cannot be investigated, and can only appear upon the face of ship’s papers, and where, from the necessity of the case, it might often be needful to obtain money upon the security of the vessel, there would be great hazard and manifest inconvenience, if a mortgage of such property, in one state, was allowed to create a lien or title paramount to all other claims upon a vessel, whenever or however incurred. Certainly, there would be very great force in this argument, if it were well founded, or applicable to the case at bar; any such rule would, doubtless, be productive of serious impediments to commerce, and might lead to enormous frauds. But the case at bar can furnish no plausible ground for any such argument. This is not the case of a pledge of a vessel in a foreign or distant port, for anv pur *308 pose connected with her navigation, repairs or supplies, such as often arise in the prosecution of a voyage, but a mere question of property, between persons claiming adversely, by titles created in the home port, in the common and ordinary transaction of business, under local laws, well known and familiar to all persons conversant in such matters, and where the decision of the case turns solely on the question as to whom belongs the better title. Besides, the statutes of the State of Maine (Rev. Sts. c. 125, § 34,) under which the mortgages in the present case were made, as well as the statutes of our own commonwealth, (Rev. Sts. c. 74, § 6,) expressly provide, that mortgages of ships or vessels, made in pursuance of said statutes, “ shall in no case avoid or defeat any contract of bot-tomry or respondentia, nor any transfer, assignment, or hypothecation of any ship, at sea or abroad, if the mortgagee shall take possession of such ship, as soon as may be after the arrival thereof within the state.” These statutes recognize the existence of a commercial code of universal application, the usages and laws of which are paramount to any right created by local laws. Judgment for the plaintiff.